UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| THOMAS E. FORBUSH, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:25-CV-00023-DCLC-CRW |
| | ) |
| J. CHRISTIAN LAMPE and JOSHUA ORLOWSKI, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on United States Magistrate Judge Cynthia R. Wyrick's Report and Recommendation [Doc. 4] and Plaintiff Thomas E. Forbush, Jr.'s Objections [Doc. 5]. For the reasons herein, the Court will overrule Mr. Forbush's objections.

**I. BACKGROUND**

In 2019, a federal grand jury indicted Mr. Forbush on charges under the Controlled Substances Act, 21 U.S.C. § 801 *et seq*. [Superseding Indictment, Doc. 77, at 1–2, No. 2:18-CR-00148-DCLC-CRW]. He entered into a plea agreement with the United States and pleaded guilty to aiding and abetting possession with the intent to distribute five grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2. [Plea Agreement, Doc. 191, at 1, No. 2:18-CR-001481-DCLC-CRW]. The Court sentenced him to sixty months' imprisonment and a five-year term of supervised release. [J., Doc. 436, at 2–3, No. 2:18-CR-00148-DCLC-CRW]. Although he has completed his federal custodial sentence, he is currently a state prisoner serving a custodial sentence in Sullivan County, Tennessee.

Acting pro se, he now brings suit against Defendants J. Christian Lampe, the Assistant United States Attorney who prosecuted him, and Agent Joshua Orlowski, the law-enforcement

agent who investigated him and who is member of a task force between the Drug Enforcement Administration and the Tennessee Bureau of Investigation. Mr. Forbush alleges that Mr. Lampe and Agent Orlowski violated his civil rights because they "with held [sic] discovery" in his criminal case. [Compl., Doc. 2, at 3]. Seeking redress under 42 U.S.C. § 1983, he requests the "reopen[ing] or dismiss[al]" of his criminal case, Mr. Lampe's disbarment, and the initiation of criminal charges against Mr. Lampe and Agent Orlowski. [*Id.* at 5].

Magistrate Judge Wyrick has now screened Mr. Forbush's complaint under 28 U.S.C. § 1915(e)(2)(B), and she recommends the Court dismiss his § 1983 claims—which she has construed as claims for a violation of his due-process rights under the Fourteenth Amendment and *Brady v. Maryland*, 373 U.S. 83 (1963).[1] Mr. Forbush now objects to her report and recommendation, and the Court, having carefully considered his objections, is now prepared to rule on them.

## II. LEGAL STANDARD

When reviewing a magistrate judge's recommendation on a dispositive issue, the Court conducts a de novo review of that recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ P. 72(b)(3). A magistrate judge's recommendation of dismissal under 28 U.S.C. § 1915(e)(2)(B) is dispositive in nature. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (stating that "the dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under [§§ 1915(e)(2)(B)(ii) and 1915A]"). A de novo review requires the Court "to give fresh consideration" to the issues before it. *United States v. Raddatz*, 447 U.S. 667, 675

---

[1] In *Brady*, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. 373 U.S. at 87. In short, "*Brady* proscribes withholding evidence 'favorable to an accused' and material to [his] guilt or to punishment.'" *Skinner v. Switzer*, 562 U.S. 521, 536 (2011) (alterations in original) (quoting *Cone v. Bell*, 556 U.S. 449, 451 (2009)).

2

(1980) (quotation omitted). In doing so, the Court reaches "the ultimate determination of the matter" through its own judicial discretion. *Id.* at 675–66. After its review, it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### III. ANALYSIS

In recommending the dismissal of Mr. Forbush's claim against Mr. Lampe, Magistrate Judge Wyrick states that Mr. Lampe is entitled to absolute prosecutorial immunity. [R. & R. at 9]. And in recommending the dismissal of Mr. Forbush's claim against Agent Orlowski, she states that Mr. Forbush fails to allege that "the suppressed evidence would have produced a different verdict," [*id.* at 7 (quoting *Strickler v. Greene*, 527 U.S. 263, 281 (1999)], that his plea agreement contains facts that undercut his claim, [*id.* at 8], and that the documents attached to his complaint "make[] it clear" that a different law-enforcement officer and not Agent Orlowski withheld the discovery in question, [*id.* at 9]. In now challenging Magistrate Judge Wyrick's recommendation of dismissal, Mr. Forbush does not object to her depiction of his claims as *Brady* claims. Instead, he describes her conclusion that Mr. Lampe is entitled to absolute prosecutorial immunity as "bull" and continues to insist that Mr. Lampe and Agent Orlowski withheld evidence. [Pl.'s Objs. at 3–4].

The Court begins by noting that Mr. Forbush does not specify whether he is suing Mr. Lampe and Agent Orlowski in their official or individual capacities. An official-capacity claim differs from an individual-capacity claim under § 1983. An official-capacity claim attaches liability only to a government entity, whereas an individual-capacity claim attaches personal liability to a government official for an alleged wrongdoing under color of law. *Essex v. County of Livingston*, 518 F. App'x 351, 354–55 (6th Cir. 2013); *see Cady v. Arenac County*, 574 F.3d

3

334, 342 (6th Cir. 2009) ("In an official capacity action, the plaintiff seeks damages not from the individual officer, but from the entity for which the officer is an agent." (quotation omitted)).

Despite Mr. Forbush's failure to specify whether he is alleging official-capacity claims or individual-capacity claims, or both, the Court can narrow his claims to individual-capacity claims based on the fact that they are clearly *Bivens* claims.[2] They are *Bivens* claims because they involve allegations against federal law-enforcement officers who were allegedly acting in their federal law-enforcement capacities. *See Dolan v. United States*, 514 F.3d 587, 594 n.2 (6th Cir. 2008) ("A *Bivens* claim . . . is a claim for money for injuries sustained as a result of a federal agent's violation of the constitution while acting under his federal authority." (citing *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971))); *see also King v. United States*, 917 F.3d 409, 433 (6th Cir. 2019) ("As a deputized federal agent, Detective Allen carried federal authority and acted under color of that authority rather than under any state authority he may have had as a [state] [p]olice detective." (citations omitted)), *rev'd sub nom. Brownback v. King*, 592 U.S. 209 (2021); *Majors v. City of Clarksville*, 113 F. App'x 659, 659–60 (6th Cir. 2004) (stating that a § 1983 claim against police officers serving in a task force with the DEA was "in reality a *Bivens* claim").

"[A] *Bivens* claim may not be asserted against a federal officer in his official capacity," *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991) (citations omitted), so the Court will treat Mr. Forbush's *Bivens* claims against Mr. Lampe and Agent Orlowski exclusively as individual-capacity claims, for which he seeks relief under *Brady*. A *Bivens* claim has two elements: Mr. Lampe or Agent Orlowski (1) must have deprived Mr. Forbush of either a constitutional right or

---

[2] Courts analyze "*Bivens* and §1983 actions under the same legal principals, except for the requirement of federal action under *Bivens* and state action under § 1983." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

a federal statutory right and (2) must have deprived him of one of these rights while acting under color of federal law. *Bivens*, 403 U.S. at 392. "The first inquiry in any [*Bivens*] suit" is "to isolate the precise constitutional violation with which [the defendant] is charged[.]" *Baker v. McCollan*, 443 U.S. 137, 140 (1979). In Mr. Forbush's case, he asserts that Mr. Lampe and Agent Orlowski, while acting under color of federal law, trammeled his due-process rights under the Fourteenth Amendment by suppressing evidence in violation of *Brady*.

"*Brady* proscribes withholding evidence 'favorable to an accused' and material to [his] guilt or to punishment.'" *Skinner v. Switzer*, 562 U.S. 521, 536 (2011) (alteration in original) (quoting *Cone v. Bell*, 556 U.S. 449, 451 (2009)). To state a plausible claim under *Brady*, Mr. Forbush must allege facts showing that (1) the evidence in question is favorable to him, because it is exculpatory or impeachment evidence,[3] (2) Mr. Lampe or Agent Orlowski suppressed it, whether willfully or inadvertently, and (3) it is material. *Miller v. Gettel*, No. 22-1034/1046, 2023 WL 2945340, at *7 (6th Cir. Apr. 14, 2023) (citing *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999)). Mr. Forbush fails to allege sufficient facts satisfying these elements, but even if his allegations were sufficient, his claims would still fail as a matter of law.

### A. Christian Lampe

Again, Magistrate Judge Wyrick recommends the dismissal of Mr. Forbush's claim against Mr. Lampe because Mr. Lampe is entitled to absolute prosecutorial immunity, and the Court agrees with her recommendation. "American law has long recognized 'absolute immunity' for those 'whose special functions or constitutional status requires complete protection from suit,'" and "[t]hat brand of immunity extends to government officers like prosecutors whose

---

[3] "Impeachment evidence is also encompassed within the *Brady* rule because a jury's reliance on the credibility of a witness can be decisive in determining the guilt or innocence of the accused." *Ross v. Pineda*, 549 F. App'x 444, 456 (6th Cir. 2013) (citing *United States v. Bagley*, 473 U.S. 667, 676 (1985)).

5

activities are 'intimately associated' with the judicial process." *Price v. Montgomery County*, 72 F.4th 711, 719 (6th Cir. 2023) (quotations omitted)). "[P]rosecutors maintain their immunity" even in the face of an allegation that they had "intentionally fail[ed] to disclose exculpatory evidence," *id.* at 720 (citation omitted)—the precise allegation here in Mr. Forbush's case. Mr. Lampe is therefore entitled to prosecutorial immunity, and Mr. Forbush's claim against him requires dismissal with prejudice.

### B. Agent Orlowski

The Court also agrees with Magistrate Judge Wyrick's ultimate conclusion that Mr. Forbush's claim against Agent Orlowski requires dismissal, but for a different reason: *Brady* applies only to prosecutors, and Agent Orlowski is not one. *See Lindsay v. Bogle*, 92 F. App'x 165, 170 (6th Cir. 2004) ("[T]he *Brady* obligation applies only to prosecutors." (citing *Giglio v. United States*, 405 U.S. 150, 154 (1972)). Mr. Forbush's claim against Agent Orlowski is therefore not actionable and requires dismissal with prejudice.

### C. Damages

Even if Mr. Forbush's claims could get off the ground, the relief that he requests—the "reopen[ing] or dismiss[al]" of his criminal case, Mr. Lampe's disbarment, and the initiation of criminal charges against Mr. Lampe and Agent Orlowski, [Compl. at 5]—are unavailable. *See Carey v. Piphus*, 435 U.S. 247, 256–57 (1978) ("To the extent that Congress intended that awards under § 1983 should deter the deprivation of constitutional rights, there is no evidence that it meant to establish a deterrent more formidable than that inherent in the award of compensatory damages." (citation omitted)); *see also Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of

6

§ 1983." (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–89 (1973)); *United States v. Bell*, 37 F.4th 1190, 1195–96 (6th Cir. 2022) ("Decisions to initiate charges . . . 'lie[] at the core of the Executive's duty[.]" (first alteration in original) (quotation omitted)); *Middlebrooks v. Helton*, No. 3:23-cv-00054, 2025 WL 1859591, at *2 (M.D. Tenn. Mar. 11, 2025) ("[C]ontrary to Plaintiff's mistaken belief, this Court, as a part of the federal judicial branch, has no authority to bring federal criminal charges or to initiate criminal investigations. Such authority rests exclusively with the executive branch of the federal government." (citations omitted)). Mr. Forbush is therefore not entitled to the relief that he seeks under § 1983, and his claims require dismissal.

## IV. CONCLUSION

Mr. Forbush's objections [Doc. 5] are hereby **OVERRULED**, and the Court **ACCEPTS** Magistrate Judge Wyrick's report and recommendation under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). For the reasons in the report and recommendation, which the Court adopts and incorporates into this Order, and for the reasons that the Court has identified in this memorandum opinion under a de novo review, this case is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED:**

s/Clifton L. Corker
United States District Judge
